**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

CATHERINE DENISE RANDOLPH          *

Plaintiff                                              *

v                                                         *          Civil Action No. ELH-14-3068

NEW TECHNOLOGY                       *

Defendant                                          *
                                                      ***

**MEMORANDUM**

The above-captioned case was filed by Catherine Randolph, plaintiff, on September 30, 2014 (ECF 1), together with a motion to proceed in forma pauperis ("IFP"). ECF 2. Plaintiff, who is self-represented, appears indigent and her IFP motion shall be granted. On October 2, 2014, plaintiff filed a motion to expedite preliminary injunction and monetary relief. ECF 4. The complaint must be dismissed and the motion to expedite must be denied.

Plaintiff alleges that she is "a crime victim" of "scams" perpetrated by her neighbors, who are allegedly engaging in an illegal business using prohibited government spy devices. According to Randolph, her neighbors place her under constant surveillance and cause publication of private facts about plaintiff, such as her sexual orientation. ECF 1 at 2. She alleges the "business" is an eavesdropping business known to her as "New Technology." *Id*. She seeks to have her privacy restored, three-billion dollars in damages, and enforcement of specified federal criminal statutes. *Id*. at 2-3; ECF 1-1 (Xerox copies of 18 U.S.C. §§2512 and 2513). Plaintiff asserts federal question jurisdiction and cites 18 U.S.C. § 2512 and 18 U.S.C. § 2513.

In her motion to expedite (ECF 4), plaintiff reiterates her belief that she is under cyber-attack and being subjected to cyber-stalking through the use of prohibited government spy

devices.  *Id*.  She cites to the First, Fourth, and Seventh Amendments to the Constitution and

claims she is a victim of criminal acts as well as civil tortious acts.  *Id*.  She asks this court to

stop the cyber-attack being conducted against her by her neighbors as set forth in the complaint.

*Id*.

Section 2512 of Title 18 of the U.S. Code is a criminal statute and it is not a basis to

impose civil liability.  *Flowers v. Tandy Corp.*, 773 F.2d 585, 588 (4th Cir. 1985).  Moreover, to

the extent that plaintiff asserts she is a crime victim, this Court has no authority to initiate

criminal charges.  In our legal system, the decision whether or not to prosecute, and for what

offense, rests with the prosecution.  *See*, *e.g.*, *Borderkircher v. Hayes*, 434 U.S. 357, 364 (1978).

The Supreme Court said in *Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973): "[I]n American

jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or

nonprosecution of another." *See also Banks v. Buchanan*, 336 Fed. App'x 122, 123 (3d Cir.

2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp.

2d 17, 22 (D.D.C. 2012) *aff'd*, Civ. No. 12-5198, 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012),

*cert. denied*, _____ U.S. _____, 133 S. Ct. 1263 (2013).  If plaintiff seeks to pursue criminal

charges, she must bring her allegations to the attention of law enforcement authorities.

Nor is it clear that plaintiff has named a proper entity that is subject to suit.  State law

governs an entity's capacity to be sued.  *See* Fed. R. Civ. P. 17(b); *Owens v. Baltimore City

State's Attorneys Office,* No. 12-2173, _____ F.3d _____, 2014 WL 4723803 at *8 (4th Cir. Sept.

24, 2014).  Generally, under Maryland law, corporations have the power to sue or be sued.  Md.

Code (2014 Repl. Vol.), § 2-103(2) of the Corporations and Associations Article ("C.J.").  And,

an "unincorporated association" may be sued if it has a recognized group name.  C.J. § 6-406(a).

But, plaintiff does not name a corporate entity or an individual, and the status of the alleged entity is not clear.[1]

To set forth a claim for relief, a pleading shall contain "a short and plain statement" of the grounds upon which the pleader is entitled to relief.  *See* Fed. R. Civ. P. 8(a)(2).  Although a complaint need not contain detailed factual allegations, the facts alleged must be enough to raise a right to relief, beyond mere speculation, and it requires "more than labels and conclusions," as "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

To be sure, complaints of self-represented litigants are "held to less stringent standards" and are to be liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  But, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal court.  *See Weller v. Department of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).  Moreover, federal courts are not required to conjure up questions never squarely presented to them.  *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985); *see also Spencer v. Hedges*, 838 F.2d 1210 (4th Cir. 1988) (Table); *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981).

In *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988), the court recognized that a federal district judge has authority to dismiss a frivolous suit on his own initiative.  As I see it, plaintiff's complaint falls well short of the pleading requirements under

---

[1] In an attachment to the complaint, plaintiff indicates that the State Department of Assessments and Taxation could not identify the name of the business owner located at her neighbor's address.  ECF 3.

Rule 8(a).   It is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised," and thus may be dismissed for lack of subject matter jurisdiction, pursuant to Fed  R. Civ. P 12 (b)(1).   *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2nd Cir. 1988); *see also Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994).

## Conclusion

Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on her behalf.   Accordingly, her suit will be dismissed, without prejudice.

Date:  October 3, 2014

_____/s/_____
Ellen Lipton Hollander
United States District Judge